FILED

MAR - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELLY A. GREEN )
5623 High Tor Hill )
Columbia, Maryland 21045 )
 )
      Plaintiff )
 )
V. )
 )
AMERICAN FEDERATION OF LABOR )
AND CONGRESS OF INDUSTRIAL )
ORGANIZATIONS (AFL-CIO) )
815 16TH Street, NW )
Washington, DC 20006 )
SERVE: John J. Sweeney, President )
 )
and, )
 )
MARK ZOBRISKY )
Individually and in his official capacity )
as an employee of AFL-CIO )
815 16th Street, NW )
Washington, DC 20006 )
SERVE: John J. Sweeney, President )
 )
      Defendants )

CASE NUMBER 1:06CV00366

JUDGE: Ricardo M. Urbina

DECK TYPE: Employment Discrimination

DATE STAMP: 03/●/2006

JURY ACTION

## COMPLAINT
(Employment Discrimination and Wrongful Termination)

COMES NOW the plaintiff, Kelly A. Green, by and through his attorney, Alan Scott Gregory, Esquire, in the above captioned matter, and for his Complaint against the defendants herein, states as follows:

### NATURE OF COMPLAINT

This is an action arising from certain acts, practices, and courses of conduct by the defendants resulting in discrimination in plaintiff's employment based upon plaintiff's physical disability and his religious beliefs and for retaliation for his role as a Shop Steward in opposing

discrimination. It is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e, *et seq.*, as amended by the Equal Opportunity Act of 1972, 42 U.S.C. §2000e -16, and the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12111.

## I. JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §12111, 28 U.S.C. §1331 & §1343. All the acts, practices and courses of conduct alleged herein occurred, upon information and belief, in the District of Columbia.

## II. PARTIES

2. The plaintiff, Kelly A. Green, is a citizen of the United States, a resident of the State of Maryland, and was at all times relevant to this Complaint, employed at the offices of the defendant AFL-CIO, located at 815 16th Street, NW, Washington, DC 20006, in the position of 1st cook/server in the building cafeteria/kitchen and also served as Shop Steward for that group of employees.

3. Defendant, American Federation of Labor and Congress of Industrial Organizations (henceforth the "AFL-CIO"), is a voluntary federation of fifty-two (52) national and international labor unions.

4. Defendant, Mark Zobrisky, was an employee, servant, agent of defendant AFL-CIO, at all times relevant to this Complaint and the building director where the kitchen/cafeteria is located and is being sued in his individual and official capacities.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The plaintiff incorporates by reference paragraphs 1 - 4 as if set forth again in full.

6. The plaintiff has fulfilled all conditions of 42 U.S.C. §2000e - 16(c) precedent

to instituting this civil action, to wit:

(A) Plaintiff timely filed a formal Complaint against the AFL-CIO on May 26, 2005, with the D.C. Office of Human Rights (EEOC Charge No. 120-2005-03175) alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Americans With Disabilities Act of 1990, and for reprisal for his actions as Shop Steward on behalf of other employees.

(B) On November 29, 2005, after the expiration of one hundred and eighty (180) days and at the request of the plaintiff, the EEOC issued its "Notice of Right to Sue" letter to the plaintiff, and, accordingly, the plaintiff is exercising his right to institute this civil action.

## IV. STATEMENT OF FACTS

7. The plaintiff, Kelly A. Green, incorporates by reference paragraphs 1-6 as if set forth again in full.

8. Mr. Green first became employed with the AFL-CIO in early September, 2002, as a cook in the building cafeteria as a temporary worker through a temporary employment agency because at that time the kitchen did not have a cook.

9. Thereafter Mr. Green was summoned back each week because the temporary employment agency told him that the kitchen staff at the defendant's building liked him, his work ethic, his cleanliness and the fact that he is a licensed food manager and is certified in the culinary arts.

10. On December 16, 2002, Mr. Green began working for the defendant as a fulltime employee when he was asked by defendant's employee, servant, agent Mark Zobrisky, who was the building director, to work there fulltime.

11. As an employee in the cafeteria/kitchen, Mr. Green's employment conditions were governed under the contract between the AFL-CIO and Hotel Employees and Restaurant Employees International Union Local 25.

12. Mr. Green was responsible at times for cooking and preparing food for as many as 700 people and despite many requests to Mr. Zobrisky for additional, temporary help in the kitchen, there were never more than three or four people, including himself, one delicatessen person, one salad person and one dishwasher to do the work that was required.

13. After several months Mr. Green let it be known to his co-workers, other employees and to Mr. Zobrisky, that he was a devoted husband, father and a devoted Christian and that he did not like to go out after work for drinks or engage in other expected behavior, including, but not limited to, having lewd conversations about sex, staying after work for parties and dancing, and flirting.

14. On October 27, 2003, Mr. Green was given the position of Shop Steward and soon thereafter he began to feel that he was being subjected to reprisal and retaliation because other employees started to speak harshly to him, stopped speaking to him altogether and started harassing him about his work.

15. During this time Mr. Zobrisky started to humiliate and to ridicule Mr. Green for his religious views by referring to him as a "holy roly", "Mr. Sainthood", as a "poster child for God" and he would interrupt Mr. Green's conversations with others about religion and God by saying "you're babbling about one of your Jesus stories".

16. During this time Mr. Zobrisky started to ridicule and to harass Mr. Green for being the Shop Steward by calling him "union boy", and telling him that being in the union and having a union contract wouldn't protect him from being fired.

17. After Mr. Zobrisky began to harass and to ridicule Mr. Green, Mr. Green spoke to Mr. Zobrisky's Shop Steward and secretary, Maureen Smith, on several occasions about being constantly harassed by Mr. Zobrisky and he asked her to tell Mr. Zobrisky that his behavior would not be tolerated. However, the harassment and ridicule continued.

18. As time went on Mr. Green's wife had a miscarriage and Mr. Green had to take off work periodically through the family medical leave provisions of his contract. Mr. Zobrisky told him that he shouldn't have to take off work so much but Mr. Green explained that it wasn't his fault and that the doctors who were attending to Mr. Green's wife were responsible for making all of the appointments.

19. To protect himself from any further retaliation by Mr. Zobrisky or anyone else, Mr. Green made sure that each time that he returned to work from the doctor's office he would bring Mr. Zobrisky and the Human Resources Department an appointment slip to prove that he was with his wife at the doctor's office.

20. Mr. Green had previously sought Mr. Zobrisky's assistance for several months to allow him to go to a doctor about a very painful cyst on his left wrist about the size of an acorn that was growing out of his wrist between the wrist joints. Mr. Green was told by Mr. Zobrisky that he could not go to a doctor.

21. On or about October 4, 2004, Mr. Green finally went to see an orthopaedic surgeon, James C. Cobey, M.D., about having an operation on his wrist and Dr. Cobey recommended to Mr. Green that he have an operation on October 18, 2004.

22. On or about October 4, 2004, Mr. Zobrisky told Mr. Green that the operation would not be necessary, that the AFL-CIO should be Mr. Green's priority, and that if he was

going to have an operation it would have to be after the presidential election on November 2, 2004, because the kitchen/cafeteria was going to be extremely busy putting on an election party.

23.     When November 2, 2004, arrived, all of the kitchen staff except for Mr. Green were given the opportunity to work up to twelve (12) hours of overtime cooking the food for the election party and staying at work until 2:00 a.m., while Mr. Green was told to leave at his regular time of 2:00 p.m.

24.     As a result of the delay in having the surgery to his wrist, Mr. Green's condition worsened and he experienced more pain and the cyst became enlarged.

25.     The orthopaedic surgeon rescheduled the operation for November 3, 2004, and told Mr. Green that because of the delay he would be out of work a lot longer because the cyst had gotten much worse.

26.     When the surgery was completed, Mr. Green made sure that he notified Mr. Zobrisky by telephone on the days that he would have to be out of work and he had the doctor's notes sent to Mr. Zobrisky, the kitchen supervisor, the personnel department, the Human Resources department, and the Facilities Department by facsimile on each day in compliance with the employment contract.

27.     During this time Mr. Zobrisky resumed his harassment campaign against Mr. Green by telling him that "a real man could take that kind of pain", "especially a black man", that "some black men can work through that kind of pain", that he was going to write to the orthopaedic surgeon to verify that Mr. Green had actually had surgery and threatening to fire him.

28.     Due to the fact that Mr. Green was afraid that he would lose his job for being off work too long, and despite the doctor's written confirmation to Mr. Zobrisky that Mr. Green had to have the surgery and that he would have to remain off work for sometime, Mr. Green went

back to work sooner than he had been told to by the doctor and without having had the recommended physical therapy to strengthen his wrist.

29. On March 11, 2005, while lifting several 80lb cases of chicken, and having to do so without the full use of his left wrist, Mr. Green suffered a severe back injury and he immediately asked his co-workers to help him get to the hospital.

30. On March 14, 2005, his treating physician placed him on medical leave because of the severity of the injury to his back, prescribed bed rest for ten (10) days with no lifting or pulling, and he prescribed Percocet, Motrin #800, muscle relaxer and back spasm pills.

31. Subsequently upon returning home from the hospital, Mr. Green faxed the medical notes to Mr. Zobrisky, the Human Resources Department, to Vanna Kheav, the kitchen supervisor, to Mr. Zobrisky's Shop Steward, Maureen Smith, the personnel department and to the Facilities Department, showing that he was to remain off work until March 25, 2005, and that he would be re-evaluated on March 24.

32. The procedures that Mr. Green followed in notifying Mr. Zobrisky and the others in the chain of command were the exact same procedures that he followed when his wrist required him to take off work and were in compliance with the employment contract.

33. The following morning Mr. Zobrisky telephoned Mr. Green and informed him that as of that moment he was on administrative leave with pay and that he was under investigation.

34. On April 1, 2005, Mr. Green received a letter from the Human Resources Department dated March 31, 2005, stating that he was terminated from his job due to the fact that he failed to follow the call-in policy on March 17, 2005, following his most recent illness on March 16, 2005.

35. As a result of these actions and/or inactions by defendants, Mr. Green has suffered, and is still suffering from his physical injuries, loss of income, mental and emotional distress, pain and suffering, and loss of the lifestyle that he had been previously accustomed to, including, but not limited to, sharing leisurely and recreational activities with his wife and children, enjoying outdoor activities like bicycle riding and jogging, and generally depriving him of the full enjoyment of his life.

## V. CAUSES OF ACTION

### COUNT I

(Violation of Title VII of Civil Rights Act of 1964, as amended)

36. The plaintiff incorporates by reference paragraphs 1 - 35 as if set forth again in full.

37. The plaintiff is a member of a protected group, e.g., African American, who has alleged a hostile work environment and discrimination based on his religious beliefs and his physical disability and his role as Shop Steward.

38. Defendant AFL-CIO was plaintiff's employer as that term is defined in Title VII of the 1964 Civil Rights Act, as amended.

39. At all times relevant to this Complaint, defendant Mark Zobrisky has been in the employment of the defendant AFL-CIO and was acting within the scope of his employment and/or authority.

40. The plaintiff has been subjected to discrimination based on his religious beliefs and for his physical disability and for his role as Shop Steward and has suffered unlawful and adverse employment actions by defendants as follows: (a) in being wrongfully terminated from his job; (b) in subjecting him to unwarranted, excessive disciplinary actions, including, but not limited to,

written reprimands and verbal warnings and meetings with the building director, Mark Zobrisky; and (c) in causing him embarrassment and humiliation in the AFL-CIO community.

41. The acts and practices and course of conduct described herein by defendants constitute a violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT II

(Violation of the Americans With Disabilities Act of 1990)

42. The plaintiff incorporates by reference paragraphs 1 - 41 as if set forth again in full.

43. The defendant AFL-CIO was at all times relevant to this Complaint the plaintiff's employer as this term is defined in the ADA.

44. The plaintiff was a member of a protected class, e.g., he had a physical disability as a result of an injury to his back on March 11, 2005, which impaired him or caused his employer to perceive him as impaired.

45. The defendant employer did not attempt to provide the plaintiff with reasonable accommodations before the employer terminated him.

46. The defendant employer violated the ADA by terminating the plaintiff because of his disability.

## COUNT III

(Breach of Contract)

47. The plaintiff incorporates paragraphs 1 - 46 by reference as if set forth again in full.

48. The defendant employer breached the contract between the plaintiff and itself pursuant to the Contract Between the American Federation of Labor and Congress of Industrial Organizations and the Hotel Employees and Restaurant Employees International Union Local 25, when it wrongfully terminated the plaintiff because of his impairment or because of the employer's

perception that the plaintiff was impaired without affording the plaintiff his procedural rights to due process pursuant to Article 19 therein.

## COUNT IV

(Negligent Intentional Infliction of Emotional Distress)

49. The plaintiff incorporates paragraphs 1 - 48 by reference as if set forth again in full.

50. The defendant employer knew or reasonably should have known that the plaintiff was being subjected to reprisal and discrimination because of his religious beliefs and because of his disability and for his role as Shop Steward by the defendant employee, servant, agent, Mark Zobrisky.

51. The defendant employer knew or reasonably should have known that the actions of its employee, Mark Zobrisky, was causing the plaintiff emotional distress.

52. The actions of the defendants caused the plaintiff to suffer severe emotional distress.

## COUNT V

(Intentional Infliction of Emotional Distress)

53. The plaintiff incorporates paragraphs 1 - 52 by reference as if set forth again in full.

54. The defendant employee, servant, agent of the defendant employer, Mark Zobrisky, intentionally and with malice harassed the plaintiff and discriminated against him for his religious beliefs and for his physical disability and for his role as Shop Steward.

55. The defendant employee, servant, agent of the defendant employer, Mark Zobrisky, intentionally and with malice wrongfully terminated the plaintiff and as a result the plaintiff has suffered, and is still suffering, emotional distress.

56. At all times relevant to this Complaint the defendant employer was aware of the actions of its employee, servant, agent, Mark Zobrisky, and did not try to stop his actions.

## COUNT VI

(Wrongful Termination)

57. The plaintiff incorporates paragraphs 1 - 56 by reference as if set forth again in full.

58. The plaintiff was at all times relevant to this Complaint an employee of the defendant employer, AFL-CIO.

59. On March 31, 2005, the defendant employer terminated the plaintiff without just cause and because of discrimination due to the plaintiff's religious beliefs, for his role as Shop Steward and for his physical disability which impaired him or because the employer perceived the plaintiff as impaired.

60. As a result of defendants' actions in wrongfully terminating the plaintiff, the plaintiff has suffered, and is still suffering, emotional distress, loss of income, and the enjoyment of the lifestyle that he was previously accustomed to.

## COUNT VII

(Punitive Damages)

61. The plaintiff incorporates paragraphs 1 - 60 by reference as if set forth again in full.

62. The actions of the defendants were done with malice and with reckless indifference to the rights of the plaintiff and with the intention to harm the plaintiff emotionally and financially by discriminating against him for his religious beliefs, for his physical disability and for his role as Shop Steward and their actions did harm the plaintiff emotionally and financially.

## COUNT VIII

### (*Respondeat Superior*)

63. The plaintiff incorporates paragraphs 1 - 62 by reference as if set forth again in full.

64. At all times relevant to this Complaint, defendant Mark Zobrisky was acting within the scope of his employment as the building director for the defendant employer, AFL-CIO, when he carried out the harassment and discrimination against the plaintiff for his religious beliefs, his disability, and for his role as Shop Steward.

### VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Kelly A. Green, prays that this Court grant the Plaintiff an order requiring the defendant to make the plaintiff whole with compensatory damages and punitive damages, if applicable, including appropriate back pay, front pay, lost benefits, prejudgment interest, the costs of this action, including attorneys fees, and any such further relief as this Court may deem just, proper and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,

_____
Alan Scott Gregory #411664
Law Office of Alan Scott Gregory, P.C.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8010

Attorney for Plaintiff