UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KELLY A. GREEN,

                Plaintiff,

    v.

AMERICAN FEDERATION OF LABOR       Case No. 1:06CV00366
AND CONGRESS OF INDUSTRIAL         (Ricardo M. Urbina)
ORGANIZATIONS (AFL-CIO),
and MARK ZOBRISKY,

                Defendants.

---

### ANSWER OF DEFENDANTS

Defendants American Federation of Labor and Congress of Industrial Organizations

("AFL-CIO") and Mark Zobrisky ("Zobrisky") (collectively "Defendants"), by their undersigned

counsel, respond as follows to the Complaint of Plaintiff Kelly A. Green ("Green" or "Plaintiff"):

Plaintiff's unnumbered introductory paragraph consists solely of legal conclusions which

Defendants need not admit or deny, but to the extent a response is required Defendants deny the

allegations in that unnumbered paragraph.

1.      Defendants admit that the Complaint alleges certain acts in the District of

Columbia. Except as specifically admitted, the remaining allegations of Paragraph 1 are denied.

2.      Defendants admit that Plaintiff Green was employed for a period of time as a

cook/server in the cafeteria and kitchen of Defendant AFL-CIO's headquarters building, located

at 815 16th Street, NW, Washington, DC 2006. Defendants lack information sufficient to admit

or deny the remaining allegations in Paragraph 1 and therefore deny each and every such

allegation.

3.    Defendants admit that the AFL-CIO is a voluntary federation composed of 54 national and international labor unions. Except as specifically admitted, the remaining allegations of Paragraph 3 are denied.

4.    Defendants admit that Defendant Zobrisky was employed by the AFL-CIO as a supervisor at the AFL-CIO headquarters building where the cafeteria and kitchen is located. The remaining allegations of Paragraph 4 consist of legal conclusions which Defendants need not admit or deny, but to the extent a response is required Defendants deny the allegations in Paragraph 4. Defendants further deny that this Complaint states a cause of action against Defendant Zobrisky in his individual capacity, and deny that Defendant Zobrisky is a proper defendant in this action.

5.    Defendants incorporate by reference their responses to Paragraphs 1-4, above, as if set forth here in full.

6.    Defendants deny that Plaintiff has fulfilled all prerequisites to instituting this civil action.

(A) Defendants admit the allegation in Paragraph 6(A) that Plaintiff filed a charge against AFL-CIO on May 26, 2005 with the D.C. Office of Human Rights (EEOC Charge No. 120-2005-03175) asserting certain violations of Title VII of the Civil rights Act of 1964 ("Title VII") and the Americans With Disabilities Act of 1990 ("ADA"). Defendants deny that all of the claims and allegations in Plaintiff's complaint were included in a timely charge against the AFL-CIO, deny that Plaintiff filed any timely charge against Defendant Zobrisky, and state that Plaintiff's EEOC charge speaks for itself. Except as specifically admitted, the remaining allegations of Paragraph 6(A) are denied.

2

(B) Defendants admit that the EEOC issued a Notice of Right to Sue dated November 29, 2005, at Plaintiff's request. Except as specifically admitted, the remaining allegations of Paragraph 6(B) are denied.

7.    Defendants incorporate by reference their responses to Paragraphs 1-6, above, as if set forth here in full.

8.    Defendants deny the allegations of Paragraph 8.

9.    Defendants deny the allegations of Paragraph 9.

10.    Defendants admit that Plaintiff's date of hire by the AFL-CIO was December 16, 2002. Except as specifically admitted, the remaining allegations of Paragraph 10 are denied.

11.    Defendants admit that Plaintiff's employment by AFL-CIO was subject to a collective bargaining agreement ("CBA") between the AFL-CIO and Local 25 of the Hotel Employees and Restaurant Employees International Union ("Local 25" or "Union"). Except as specifically admitted, the remaining allegations of Paragraph 11 are denied.

12.    Defendants deny the allegations of Paragraph 12.

13.    Defendants deny the allegations of Paragraph 13.

14.    Defendants admit that for a period of time during his employment with the AFL-CIO Plaintiff served as a shop steward for Local 25. Except as specifically admitted, the remaining allegations of Paragraph 14 are denied.

15.    Defendants deny the allegations of Paragraph 15.

16.    Defendants deny the allegations of Paragraph 16.

17.    Defendants deny the allegations of Paragraph 17.

18.    Defendants admit that Plaintiff used paid leave benefits provided under the CBA

at various times during his employment tenure.  Except as specifically admitted, the remaining allegations of Paragraph 1 are denied.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 21 and therefore Defendants deny each and every such allegation.

22.     Defendants deny the allegations of Paragraph 22.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 24 and therefore Defendants deny each and every such allegation.

25.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 25 and therefore Defendants deny each and every such allegation.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 30 and therefore Defendants deny each and every such allegation

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32.

33.     Defendants admit that on March 15, 2005 Plaintiff was placed on administrative leave, with pay, for failure to comply with AFL-CIO policies, including but not limited to

absence reporting requirements.  Except as specifically admitted, the remaining allegations of Paragraph 33 are denied.

34.     Defendants admit that AFL-CIO sent Plaintiff a letter of termination dated March 31, 2005, which letter speaks for itself.  Except as specifically admitted, the remaining allegations of Paragraph 34 are denied.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants incorporate by reference their answers to Paragraphs 1-35 of the Complaint as if set forth here in full.

37.     Defendants admit that Plaintiff is African-American.  Defendants admit that Plaintiff filed an EEOC charge making certain allegations, deny that Plaintiff's charge alleged any employment discrimination based on race, and state that the EEOC charge speaks for itself. Except as specifically admitted, the remaining allegations of Paragraph 37 are denied.

38.     Defendants admit the allegations of Paragraph 38.

39.     Defendants admit that Defendant Zobrisky was an employee of Defendant AFL-CIO during the period of time encompassed by Plaintiff's Complaint.  Except as specifically admitted, the remaining allegations of Paragraph 39 are denied.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants incorporate by reference their answers to Paragraphs 1-41 of the Complaint as if set forth here in full.

43.     Defendants admit the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.    Defendants deny the allegations of Paragraph 45.

46.    Defendants deny the allegations of Paragraph 46.

47.    Defendants incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if set forth here in full.

48.    Defendants deny the allegations of Paragraph 48.

49.    Defendants incorporate by reference their responses to Paragraphs 1-48 as if set forth here in full.

50.    Defendants deny the allegations of Paragraph 50.

51.    Defendants deny the allegations of Paragraph 51.

52.    Defendants deny the allegations of Paragraph 52.

53.    Defendants incorporate by reference their answers to Paragraphs 1-52 as if set forth here in full.

54.    Defendants deny the allegations of Paragraph 54.

55.    Defendants deny the allegations of Paragraph 55.

56.    Defendants deny the allegations of Paragraph 56.

57.    Defendants incorporate by reference the answers to Paragraphs 1-56 as if set forth here in full.

58.    Defendant admits the allegations of Paragraph 58.

59.    Defendants deny the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60.

61.    Defendants incorporate by reference the answers to Paragraphs 1-60 as if set forth here in full.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants incorporate by reference the answers to Paragraph 1-62 as if set forth here in full.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants' defenses to this action include, but are not limited to, the following:

A.     Plaintiff has failed to satisfy all the prerequisites for maintaining this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

B.     Plaintiff has failed to satisfy all the prerequisites for maintaining an action under the Americans With Disabilities Act of 1990 ("ADA").

C.     Plaintiff has not stated a claim for violation of the ADA.

D.     Plaintiffs' claims are preempted and barred by federal labor law, including the National Labor Relations Act ("NLRA") and the Labor-Management Relations Act ('LMRA").

E.     Plaintiff's claims are barred by his fully executed Settlement Agreement and release.

F.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

G.     Plaintiff's claims are barred by the doctrine of estoppel.

H.     Plaintiff has not stated a claim against Defendant Zobrisky.

WHEREFORE, Defendants deny that Plaintiff is entitled to any compensatory, punitive or other damages; deny that Plaintiff is entitled to any backpay, front pay, lost benefits, prejudgment interests, costs, attorney fees or other monetary remedy; deny that Plaintiff is

7

entitled to any equitable relief or any other form of relief; deny that this case presents issues triable before a jury or court; and demand judgment in their favor dismissing Plaintiff's action with prejudice and with an award of attorneys fees and costs to Defendants.

Respectfully submitted,

  /s/ Kathy L. Krieger
Kathy L. Krieger
D.C. Bar No. 385877
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel. (202) 496-0500
Fax. (202) 496-0555

Dated: May 15, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 15, 2006, a copy of the foregoing Answer

of Defendants was served by first class mail, postage prepaid, upon counsel for the Plaintiff at the

address listed:

Alan Scott Gregory, Esq.
Law Office of Alan Scott Gregory, P.C.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012


                                         /s/ Kathy L. Krieger
                                         Kathy L. Krieger