PRAECIPE

# United States District Court
# for the District of Columbia

the _Feb_ day of _27_ 19~~—~~ _2007_

_Kelly A. Green_
vs.
_A.F.L-C.I.O_

(Civil) / Criminal
Action No. _1:06CV00366_
_R.M.U._

The Clerk of said Court will _I AM submitting this Document trying to Proceed with this Case for Rule 4.3 I contacted by phone + by Fax No Response, tired of trying_

_2-27-07_
Date

BAR IDENTIFICATION NO.

_Kelly A. Green_
Signature

_Kelly A. Green_
Print Name

_5623 High Tor Hill_
Address

_Columbia_   _M.D._   _21045_
City            State      Zip Code

_3-596-5568_
Phone Number

CERTIFICATE OF SERVICE

**RECEIVED**

FEB 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attention Mrs. Krieger

Sent By: Mr. Kelly A. Green   pg. 1+2 Sent
Feb 20, 2007
301-596-5568

**U.S. DISTRICT COURT**      **LCvR 16.3**

(2) Attorneys shall appear personally before the judge when a case is being set, reset, or continued except as otherwise specified below. They shall in every case inform the court fully as to any matters which may conflict with a setting, resetting, or continued date being considered by the court. Counsel shall not schedule engagements which they cannot reasonably expect to attend at the time scheduled. They shall observe such limitations on the number of matters they schedule as are imposed herein, or are imposed by the individual courts of this jurisdiction, or which arise by reason of their professional obligations to their clients. The sole exception to the requirement that counsel appear personally before the judge when a case is being reset or continued arises when counsel is physically unable to be present. In such event counsel should leave three open dates with the judge in question, and the trial may be reset in counsel's absence. It shall, however, be the attorney's duty to appear personally as soon as possible before the judge who reset the case to confirm the reset date.

(3) Attorneys are obliged to take action immediately upon becoming aware of any conflict and specifically to call the conflicting engagements to the attention of the judge being asked to yield, and to pursue the matter until the conflict is resolved. Such matters may be presented to the judge in open court as a preliminary matter, with advance notice to other counsel.

(4) If counsel cannot avoid being unexpectedly late for, or absent from any scheduled appearance before any judge, they shall in advance of the scheduled appearance notify by telephone the judge's courtroom deputy of that fact, the reason therefore and the nature and duration of the conflicting engagements.

(5) If an attorney has a criminal felony case set for trial in any court on a given day, the attorney shall not schedule any other case for trial on that day or for any date thereafter during which that felony trial may reasonably be expected to continue. If an attorney has a misdemeanor case set for jury trial on a given date, the attorney shall not schedule more than one other misdemeanor case for trial on that day. These restrictions do not apply to cases as to which an attorney is certain there will be a nontrial disposition.

(6) This court will take appropriate disciplinary action when an attorney fails to conduct himself or herself in accordance with the requirements and obligations imposed by this Rule.

[Effective August 1, 1999.]

## LCvR 16.3 DUTY TO CONFER

(a) Time for Conference. Counsel (including any non-prisoner pro se party) must confer in accordance with this Rule and Rule 26(f), F.R.Civ.P., within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P.,

(1) Discuss the matters set forth in Rule 16.3(c).

(2) Make or arrange for disclosures required by Rule 26(a)(1) F.R.Civ.P.; and

(3) Develop a discovery plan that indicates the parties' views and proposals.

In a case involving multiple defendants, the 21-day period shall run from the date of appearance or first filing in the form of an answer or motion, pursuant to Rule 12, F.R.Civ.P., by the defendant who is given the longest time to answer under the Federal Rules of Civil Procedure. Any party may move to extend the deadline to the time fixed by the court on the ground that another defendant has not been served or has not yet appeared in the case, or for other sufficient reason.

If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may require the conference between the parties to occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P.

(b) Exempted Cases. The requirement of this Rule, of LCvR 16.3 of these Rules, and Rules 16(b) and 26(f), Federal Rules of Civil Procedure, shall not apply in the following categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), F.R.Civ.P., or when otherwise ordered. The following categories of proceedings are exempted from both initial disclosure under Rule 26(a)(1)(E), F.R.Civ.P., and the Rule 26(f) conference, F.R.Civ.P.:

(1) an action for review on an administrative record;

(2) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(3) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(4) an action to enforce or quash an administrative summons or subpoena;

(5) an action by the United States to recover benefit payments;

(6) an action by the United States to collect on a student loan guaranteed by the United States;

(7) a proceeding ancillary to proceedings in other courts;

(8) an action to enforce an arbitration award; and

(9) FOIA actions.

(c) Matters to Be discussed by the Parties. At the conference required by this Rule, the parties must confer to discuss the following matters:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

(4) Whether there is a realistic possibility of settling the case.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and when depositions of experts should occur.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

(d) Report to the Court and Proposed Order. Not later than 14 days following the conference required by this Rule, the attorneys of record and all unrepresented parties that have appeared in the case shall submit to the court a written report outlining the discovery plan and including a succinct statement of all agreements reached with respect to any of the 14 matters set forth in paragraph (c), a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order. The report shall be submitted jointly, but the parties may submit alternative proposed orders that reflect any disagreements. The plaintiff shall have the duty to ensure timely filing of the report. If, by the time the report is due, any defendant has not responded to the plaintiff's proposed report or declines to join in the report, the plaintiff shall certify in the report that efforts were made to secure that defendant's participation.

If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may require the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on the discovery plan at the Rule 16(b) conference as per Rule 26(f), F.R.Civ.P.

[Effective August 1, 1999; amended effective December 2000 subject to further review; amended effective May 2001.]

COMMENT TO LCvR 16.3(a): LCvR 16.3(a) has been modified to conform to the amendments to the Federal Rules of Civil Procedure as amended in December 2000. The amendment (1) modified the dates by which the Rule 16, F.R.Civ.P., conference is to be held and (2) removed the requirement that the Rule 16(b), F.R.Civ.P., conference be

122

VIII

entitled to any equitable relief or any other form of relief; deny that this case presents issues triable before a jury or court; and demand judgment in their favor dismissing Plaintiff's action with prejudice and with an award of attorneys fees and costs to Defendants.

Respectfully submitted,

Ext # 221

/s/ Kathy L. Krieger
Kathy L. Krieger
D.C. Bar No. 385877
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
Tel. (202) 496-0500
Fax. (202) 496-0555

Dated: May 15, 2006

TRANSMISSION VERIFICATION REPORT

TIME : 02/20/2007 13:33

| | |
|---|---|
| DATE,TIME | 02/20 13:31 |
| FAX NO./NAME | 12024960555 |
| DURATION | 00:01:40 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

```
         The UPS Store - #2249
         8775 Centre Park Drive
         Columbia, MD 21045-2104
              (410) 997-9565

           02/20/07  01:30 PM

       We are the one stop for all your
       shipping, postal and business needs.

       We offer all the services you need
          to keep your business going.


001 000004 (018)              10 $   5.00
    Fax Service

                       Subtotal  $   5.00
                          Total  $   5.00

                           Cash  $  20.00
                         Change  $  15.00-


Receipt ID 83220548730268888678 001 Items
CSH: Mike              Tran: 4200 Reg: 001

        Thank you for visiting our store.
          Please come back again soon.

       Whatever your business and personal
         needs, we are here to serve you.
```