# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KELLY A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:06-cv-366 |
| | ) | Judge Ricardo Urbina |
| AFL-CIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## LOCAL CIVIL RULE 16.3 CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d), the parties respectfully submit the following report of their conference regarding discovery and other topics as required by Local Civil Rule 16.3(c). The conference was conducted by telephone on March 5, 2007 between the Plaintiff, Kelly A. Green, who is now unrepresented and is proceeding *pro se* in this matter, and the undersigned counsel for the Defendants. The results of the conference are set forth below:

1.    Dispositive Motions. Plaintiff was originally represented by counsel in bringing this lawsuit. After receiving the Complaint and filing their Answer, Defendants served a detailed Rule 11 letter and position statement asserting that Plaintiffs' claims were untenable and foreclosed on several dispositive legal grounds – including the Plaintiffs' previously executed settlement and release – and explaining the basis for seeking relief under Rule 11. After receipt of Defendants' position, Plaintiff's counsel sought and received permission to withdraw from this case, and Plaintiff then elected to proceed *pro se*. Defendants continue to believe that this case should be resolved by dispositive motion. Defendants propose June 15, 2007 as the date for filing dispositive motions (Plaintiff intends to oppose a dispositive motion by Defendants).

Defendants further submit that discovery should be stayed until their motion has been decided. Plaintiff believes that he already has the documents and information relevant to his case, including documents from the Defendants, and at this time he does not have plans for further discovery.

2. <u>Joining Parties or Amending Pleadings</u>. At this time Plaintiff does not intend to join additional parties at this time and does not have plans to amend the Complaint. Defendants reserve the right to oppose any subsequent motion to join additional parties or amend the Complaint (except for purposes of deleting claims and/or parties).

3. <u>Assignment to Magistrate Judge</u>. See Paragraph 1, above. Under these circumstances, it does not appear that resolution of this case would be facilitated by assignment to a Magistrate Judge.

4. <u>Settlement</u>. See Paragraph 1, above. At this time, Plaintiff is not inclined to explore settlement, but, instead, wishes to proceed with litigation and obtain a decision from the court. Defendant does not rule out the possibility of a settlement but, in light of Plaintiff's position, believes that the case will likely proceed to a dispositive motion.

5. <u>Alternative Dispute Resolution</u>. Plaintiff is not inclined to explore alternative dispute resolution at this time. Defendant is willing to consider confidential mediation.

6. <u>Dispositive Motions; Proposed Dates</u>. The parties' positions with respect to dispositive motions are set out above in Paragraph 1.

7. <u>Initial Disclosures</u>. The parties have made initial disclosures, have been willing to set forth candidly for each other their positions and supporting information, and are willing to continue to supplement their exchange of information pursuant to Federal Rule of Civil

Procedure 26.

8.    <u>Discovery Plan</u>.  As noted above, Plaintiff does not at this time have plans for discovery,

and Defendants do not believe it is appropriate to address a discovery schedule until the Court

has ruled on their intended dispositive motion.

9.    <u>Expert Witnesses</u>.  Plaintiff believes that he might attempt to use his medical doctor as an

"expert" witness if this case were to proceed to a trial.  Defendants have not retained an expert

witness at this time, but Defendants reserve the right to oppose Plaintiffs' expert and to present

rebuttal expert testimony if appropriate.

10.    <u>Class Actions</u>.  This is not a class action.

11.    <u>Bifurcation</u>.  The parties believe there is no need to bifurcate these proceedings.

12.    <u>Pretrial Conference</u>.  As noted in Paragraph 1, above, Defendants believe that this case

may be resolved through dispositive motion and that the Court should defer the setting of a

pretrial conference date until the Court rules on such motion.

13.    <u>Trial Date</u>.  As noted in Paragraphs 1 and 12, above, Defendants believe that this case

may be resolved through dispositive motion and that the Court should defer the setting of a trial

date until the Court rules on such motion.

Respectfully submitted,

_____    _____
Kelly A. Green                      Kathy L. Krieger, DC Bar No. 385877
5623 High Tor Hill                  JAMES & HOFFMAN, P.C.
Columbia, MD 21045                  1101 17th Street, N.W., Suite 510
(301) 596-5568                      Washington, D.C.  20036
                                    (202) 496-0500
Plaintiff (*Pro Se*)                Attorneys for Defendants AFL-CIO, et al.

Dated: March 22, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 22, 2007, a copy of the foregoing

Conference Report was sent by first class mail, postage prepaid, to the Plaintiff (*pro se*) at the

address shown:

        Kelly A. Green
        5623 High Tor Hill
        Columbia, MD 21045

                                  Kathy L. Krieger