UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KELLY A. GREEN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-0366 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 12, 13, 14, 22 |
| | : | | |
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
DENYING THE PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT;
DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS;
DENYING AS MOOT THE PLAINTIFF'S "MOTION FOR A SUBPOENA *DUCES TECUM*"

## I. INTRODUCTION

This matter comes before the court on the defendants' motion for summary judgment and the plaintiff's cross-motion for summary judgment. The plaintiff has also filed a motion for sanctions and a "motion for subpoena *duces tecum*." Because the plaintiff's claims are foreclosed pursuant to a settlement agreement, which expressly released the defendants from further legal action arising out of the plaintiff's employment, the court grants the defendants' motion for summary judgment, denies the plaintiff's motion for summary judgment and denies the plaintiff's discovery motion as moot. In addition, because the defendants have not committed a sanctionable offense, the court denies the plaintiff's motion for sanctions.

## II. BACKGROUND

### A. Factual History

The plaintiff was employed by defendant the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") as a cook/server from December 16, 2002 to March 31, 2005. Defs.' Statement of Material Facts Not In Dispute ("Defs.' Statement") ¶ 1;[1] *see generally* Pl.'s Mot. for Summ. J.; Pl.'s Resp. to Defs.' Statement Parts I & II. Defendant Mark Zobrisky supervised the plaintiff during his tenure at the AFL-CIO. Defs.' Statement ¶ 3; Pl.'s Resp. to Defs.' Statement Part I at 8. According to the defendants, the plaintiff was terminated from his position on March 31, 2005, for allegedly failing to comply with the AFL-CIO's absence reporting requirements. Defs.' Statement ¶ 12. The plaintiff maintains that he complied with all relevant absence reporting guidelines. *See generally* Compl.; Pl.'s Mot. for Summ. J.; Pl.'s Resp. to Defs.' Statement Parts I & II.

---

[1] After the defendants moved to dismiss, the court issued an order explaining to the plaintiff that failure to respond could result in the defendants' motion being granted as conceded. *See* Order (Dec. 15, 2008). The court further advised the plaintiff that he must provide his own affidavits and evidence to contradict any such evidence provided by the defendants. *Id.* Lastly, the court informed the plaintiff that he must set forth material facts that he believes are disputed. *Id.* In response, the plaintiff filed a document in two parts. *See* "Plaintiff is Responding to the Fact's [sic] that there is Genuine Issue for Trial and the Obligation of Contractual Procedures and What the Contract States" ("Pl.'s Resp. to Defs.' Statement Part I") and "Plaintiff is Responding to the Obligation of Contractual Procedures and What the Contract States" ("Pl.'s Resp. to Defs.' Statement Part II"). Neither document addresses the majority of factual assertions in the defendants' statement of facts. *See* Pl.'s Resp. to Defs.' Statement Parts I & II. Furthermore, attachments to the plaintiff's motion for summary judgment likewise fail to address the majority of facts set forth by the defendants in their statement. *See* Pl.'s Mot. for Summ. J. Thus, to the extent the plaintiff does not contest the defendants' statement of material facts, the court treats those facts as conceded. LCvR 7(h) (stating that "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

The plaintiff's employment was covered by a collective bargaining agreement ("CBA") between the AFL-CIO and Local 25.[2]  Defs.' Statement ¶ 4.  The CBA provided for a grievance procedure culminating in final and binding arbitration as the exclusive method for resolving grievances between the AFL-CIO and members of Local 25.  Defs.' Mot. for Summ. J., Attach. ("Garland Decl."), Ex. 1.

Following his termination, the plaintiff filed a grievance under the CBA, which eventually resulted in an arbitration proceeding.  Defs.' Statement ¶ 13; *see generally* Pl.'s Compl.; Pl.'s Mot. for Summ. J.  During the arbitration the parties entered into a Settlement Agreement, which was drafted by Local 25 and executed by the plaintiff, Local 25 and the AFL-CIO.  Defs.' Statement ¶ 14; Garland Decl., Ex. 5 ("Settlement Agreement").  The Settlement Agreement called for the plaintiff to receive a lump sum of $10,365 in return for his releasing the AFL-CIO "from all claims of any nature – including but not limited to such for loss of wages, gratuities or fringe benefits – that relate to or arise out of his employment with or separation from the [AFL-CIO]."  Settlement Agreement ¶¶ 1, 3.  The Settlement Agreement further stated that it "expresses the full and complete settlement of all claims which were or could have been brought pursuant to any statutory or common law with regard to the [plaintiff's] separation from employment with the [AFL-CIO] or that could have been brought under the [CBA]."  *Id.* ¶ 4.

### B.  Procedural History

The plaintiff filed his complaint with the assistance of counsel on March 1, 2006, claiming that the defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

---

[2]  Local 25 is "a Local Union originally affiliated with the Hotel Employees and Restaurant Employees International Union, now known as UNITE-HERE."  Defs.' Statement ¶ 4.

12101 *et seq.*, breached their employment contract with the plaintiff and Local 25, negligently and intentionally inflicted emotional distress on the plaintiff and wrongfully terminated him. *See generally* Compl. ¶¶ 36-60. On October 27, 2006, the court granted plaintiff's counsel leave to withdraw. Minute Order (Oct. 27, 2006). The defendants' filed a motion for summary judgment on November 21, 2008. *See generally* Defs.' Mot. for Summ. J. On December 9, 2008, the plaintiff filed a cross-motion for summary judgment, *see generally* Pl.'s Mot. for Summ. J., and on December 10 he filed a motion for sanctions, *see generally* Pl.'s Mot. for Sanctions. On February 4, 2009, the plaintiff filed a "motion for a subpoena *duces tecum*," *see generally* Pl.'s Mot. for Subpoena *Duces Tecum* ("Pl.'s Mot. for Subpoena").

### III.  ANALYSIS

#### A.  The Court Grants Summary Judgment to the Defendants

#### 1.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson,* 477 U.S. at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

Finally, the D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view summary judgment motions in such cases with special caution. *See Aka v. Wash. Hosp. Ctr.*, 116 F.3d 876, 879-80 (D.C. Cir. 1997), *rev'd en banc on other grounds*, 156 F.3d 1284 (D.C. Cir. 1998); *see also Johnson v. Digital Equip. Corp.*, 836 F. Supp. 14, 18 (D.D.C. 1993).

### 2.  The Settlement Agreement Bars the Plaintiff's Claims

The defendants maintain that the terms of the Settlement Agreement bar the plaintiff from litigating any claims arising out of his termination.  Defs.' Mot. for Summ. J. at 6-9.  The defendants point to the express language of the Settlement Agreement, which states that the plaintiff releases the defendants "from all claims of any nature – including but not limited to such for loss of wages, gratuities or fringe benefits – that relate to or arise out of his employment with or separation from the [AFL-CIO]."  Settlement Agreement ¶ 3.  Arguing that the claims alleged in the plaintiff's complaint "relate to or arise out of" the plaintiff's employment with the AFL-CIO, the defendants aver that summary judgment in their favor is appropriate.  Defs.' Mot. for Summ. J. at 8-9.

The plaintiff's response to the defendant's motion, indeed all of the plaintiff's *pro se* submissions to the court, are comprised of meandering statements and accusations with few references to the record, no citations to case law and no evidentiary support.  After careful examination of the plaintiff's arguments, however, the court discerns that the plaintiff's opposition rests on his contention that he followed the proper absence reporting guidelines and, therefore, his termination was without case.  *See* Pl.'s Mot. for Summ. J.; Pl.'s Opp'n to Defs.' Mot. for Summ. J.; Pl.'s Response to Defs.' Statement Parts I & II; Pl.'s Reply in Support of Summ. J.  Specifically, the plaintiff alleges that defendant Zobrisky and Vanna Kieve, another kitchen supervisor, stated during an EEOC hearing that the defendant, in fact, did call in his absence did provide doctor's notifications as required.  Pl.'s Mot. for Summ. J. at 5-6.

Settlement agreements are "governed by familiar principles of contract law."  *Gaines v. Cont'l Mortgage & Inv. Corp.*, 865 F.2d 375, 378 (D.C. Cir. 1989) (citing *Vill. of Kaktovik v.*

*Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982)). "Absent a showing of fraud or duress, parties are bound by the agreements they sign, without regard to whether they regret their decisions after the fact." *Johnson v. Penn Camera Exch.*, 583 F. Supp. 2d 81, 86 (D.D.C. 2008) (citing *Peterson v. Reeves*, 304 F.2d 950, 951 (D.C. Cir. 1962). A party to a voluntary settlement agreement may waive his or her rights to litigate statutory claims. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 (1974) (noting that an employee may waive a cause of action under Title VII as part of a voluntary settlement); *Johnson v. Wash. Gas Light Co.*, 404 F. Supp. 2d 179, 181 (D.D.C. 2005) (explaining that, because the plaintiff signed a valid settlement agreement, he "gave up his right to bring a lawsuit under both Title VII . . . and the ADA"); *Maceda v. Billington*, 2003 WL 25782447, at *3 (D.D.C. Jan. 17, 2003) (holding that the plaintiff did not present a genuine issue of material fact because she had released the defendant from any claims pursuant to a settlement agreement); *Anzueto v. Wash. Metro. Area Transit Auth.*, 1992 WL 613240 (D.D.C. June 9, 1992) (ruling that, pursuant to a settlement agreement, "[a] claimant may validly waive his right to proceed under Title VII if such waiver was made knowingly and voluntarily").

In the instant case, it is undisputed that the plaintiff executed the Settlement Agreement. *See* Settlement Agreement at 2; see also Pl.'s Mot. for Summ. J.; Pl.'s Resp. to Defs.' Statement Parts I & II; Pl.'s Reply in Support of Summ. J. The plaintiff makes no claim that he acquiesced to the terms of the Settlement Agreement based on fraudulent representations or under duress or that he did not knowingly and voluntarily sign the document. *See generally* Compl.; Pl.'s Mot. for Summ. J.; Pl.'s Resp. to Defs.' Statement Parts I & II; Pl.'s Reply in Support of Summ. J.; Pl.'s Reply in Support of Summ. J. The claims enumerated in the plaintiff's complaint, i.e., that he was wrongfully terminated for discriminatory reasons, that his employment contract was

7

breached and that he was emotionally distressed by Zobrisky's conduct, all relate to his employment with the AFL-CIO. *See* Compl. ¶¶ 36-60. Accordingly, the court concludes that the plaintiff validly waived his right to bring the claims in his complaint and grants summary judgment to the defendants.[3]

### B. The Court Denies the Plaintiff's Motion for Sanctions

#### 1. Legal Standard for Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" FED. R. CIV. P. 11(b).

The court applies "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 554 (1991). The imposition of Rule 11 sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings. *Trout v. Garrett*, 780 F. Supp. 1396, 1428 (D.D.C. 1991) (noting that "the blunt instrument of sanctions against individual attorneys ought to be applied with restraint"). This court has the "discretion to determine both whether a Rule 11 violation has occurred and what sanctions

---

[3] Because the court determines that the Settlement Agreement precludes the plaintiff from litigating his claims, it does not reach the defendants' other arguments in support of summary judgment.

should be imposed if there has been a violation." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (internal quotations omitted).

### 2. Rule 11 Does Not Apply to the Defendants' Conduct

The plaintiff states that the defendants should be sanctioned for their "ongoing refusal to admit the trust and deny facts and false statements." Pl.'s Mot. for Sanctions at 2. The actions referred to by the plaintiff occurred during the EEOC hearing, not these proceedings. *See generally* Pl.'s Mot. for Sanctions; Defs.' Opp'n to Pl.'s Mot. for Sanctions. The defendants respond that Rule 11 does not apply to the parties' conduct in other proceedings. Defs.' Opp'n to Pl.'s Mot. for Sanctions at 2.

Every Federal Rule of Civil Procedure, including Rule 11, "govern[s] the procedure in all civil actions and proceedings in the *United States district courts*." FED. R. CIV. P. 1 (emphasis added). Because the plaintiff seeks sanctions for representations made in an administrative proceeding outside of this court, the court has no authority to impose sanctions based on those representations. *See id.* Accordingly, the court denies the plaintiff's motion for sanctions.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment, denies the plaintiff's motion for summary judgment, denies the plaintiff's motion for sanctions and denies as moot the plaintiff's "motion for a subpoena *duces tecum*."[4]  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of September, 2009.

                                                                RICARDO M. URBINA
                                                                United States District Judge

---

[4] Because the court grants summary judgment to the defendants, the plaintiff's discovery motion is moot.