UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KELLY A. GREEN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-0366 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 30 |
| | : | | |
| AMERICAN FEDERATION OF | : | | |
| LABOR AND CONGRESS OF | : | | |
| INDUSTRIAL ORGANIZATIONS *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

## I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motion for relief upon

reconsideration of this court's order granting summary judgment to the defendants.  The plaintiff

now claims that the defendants made false representations constituting fraud under Federal Rule

of Civil Procedure 60(b)(3).  Because the plaintiff fails to provide any evidence to support his

claim, and does not address how these alleged misrepresentations interfered with his ability to

present his case fully and fairly, the court denies his motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

In May 2005, the plaintiff filed a formal complaint with the D.C. Office of Human Rights

asserting that his employer, the American Federation of Labor and Congress of Industrial

Organizations ("AFL-CIO"), had wrongfully discharged him from his job as a cook/server.

Compl. ¶¶ 2, 6, 40.  The administrative complaint alleged discrimination and retaliation by the

AFL-CIO and Mark Zobrisky, the plaintiff's supervisor, pursuant to Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.  Compl. ¶ 6.

According to the defendants, the plaintiff was terminated from his position for allegedly failing to comply with the AFL-CIO's absence reporting requirements.  Defs.' Statement of Material Facts Not In Dispute ("Defs.' Statement") ¶ 12.  The plaintiff, however, maintains that he complied with all relevant absence reporting guidelines.  *See generally* Compl.; Pl.'s Mot. for Summ. J.; Pl.'s Resp. to Defs.' Statement Parts I & II.

The plaintiff's employment was covered by a collective bargaining agreement ("CBA") between the AFL-CIO and Local 25, a local union.[1]  Defs.' Statement ¶ 4.  The CBA provided for a grievance procedure culminating in final and binding arbitration as the exclusive method for resolving disputes between the AFL-CIO and members of Local 25.  Defs.' Mot. for Summ. J., Decl. of Karla Garland, AFL-CIO Executive Assistant to the Secretary-Treasurer ("Garland Decl."), Ex. 1.  Thus, along with filing a formal complaint with the D.C. Office of Human Rights, the plaintiff also filed a grievance under the CBA, which gave rise to an arbitration proceeding.  Defs.' Statement ¶ 13; *see generally* Pl.'s Compl.

During the arbitration, the parties entered into a settlement agreement in October 2005, which awarded the plaintiff $10,365 in exchange for his releasing the AFL-CIO and its employees "from all claims of any nature – including but not limited to such for loss of wages, gratuities or fringe benefits – that relate to or arise out of his employment with or separation from the [AFL-CIO]."  Defs.' Statement ¶ 14; Garland Decl., Ex. 5 ("settlement agreement").  The settlement agreement further stated that it constituted the "full and complete settlement of all claims which were or could have been brought pursuant to any statutory or common law with

---

[1]     Local 25 is "a Local Union originally affiliated with the Hotel Employees and Restaurant Employees International Union, now known as UNITE-HERE."  Defs.' Statement ¶ 4.

regard to the [plaintiff's] separation from employment with the [AFL-CIO] or that could have been brought under the [CBA]." *Id.* ¶ 4.

Despite entering into this agreement, the plaintiff subsequently filed a complaint in this court alleging that the defendants violated Title VII and the ADA, breached their employment contract with the plaintiff and Local 25, negligently and intentionally inflicted emotional distress on the plaintiff and wrongfully terminated him. *See* Compl. ¶¶ 36-60.  The parties then filed cross-motions for summary judgment. *See* Defs.' Mot. for Summ. J.; Pl.'s Mot. for Summ. J.  In its September 2009 memorandum opinion, the court concluded that under the terms of the settlement agreement, the plaintiff had "validly waived his right to bring the claims in his complaint."  Mem. Op. (Sept. 28, 2009) at 8.  The court thus granted summary judgment to the defendants, and denied the plaintiff's summary judgment motion. *Id.* at 10.  The plaintiff appealed this holding in May 2010, but the Circuit affirmed this court. *Green v. Am. Fed'n of Labor and Cong. of Indus. Org. et al.*, 2010 WL 2160003, at *1 (D.C. Cir. 2010).

In September 2010, the plaintiff filed a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(3). *See generally* Pl.'s Mot.  With that motion now ripe for review, the court turns to the relevant legal standards and to the parties' arguments.

### III.  ANALYSIS

### 1.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  Fed. R. Civ. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was

excusable. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Second, the court may grant relief where there is "newly discovered evidence" that the moving

party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b)(2).

Third, the court may set aside a final judgment for fraud, misrepresentation or other misconduct

by an adverse party. *Id*. 60(b)(3); *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C.

Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him or her from

fully and fairly presenting his or her case," and that "the fraud is attributable to the party or, at

least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993)

(internal citations omitted). Fourth, the court may grant relief in cases in which the judgment is

"void." FED. R. CIV. P. 60(b)(4). A judgment may be void if the court lacked personal or subject

matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded

beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167

F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "the judgment has been

satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5); *Twelve

John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all

judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)(5)).

Sixth, the court may grant relief from a judgment for "any . . . reason that justifies [such] relief."

FED. R. CIV. P. 60(b)(6). Courts apply this catch-all reason sparingly, invoking it only in

"extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion

within one year after the judgment at issue. FED. R. CIV. P. 60(c)(1). A party relying on one of

the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The

party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

**2.  The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration**

The plaintiff's current motion bids the court to vacate its September 2010 final judgment granting summary judgment to the defendants and denying the plaintiff's cross-motion for summary judgment. *See* Mem. Op. (Sept. 28, 2009) at 10.  The plaintiff invokes Rule 60(b)(3), asserting that he should be relieved from the final judgment because the defendants falsely represented to the court that the plaintiff was discharged for just cause.  Pl's Mot. for Relief at 57.  Arguing that this constitutes "fraudulent misrepresentation" under Rule 60(b)(3), the plaintiff demands that such fraud requires the court to reconsider prior rulings. *See generally* Pl.'s Mot.; Pl.'s Reply.  The defendants, however, contend that the plaintiff's motion seeks to relitigate claims that were unsuccessfully raised in this court and on appeal, and that he fails to identify any fraud that prevented him from presenting his case before the court.

It is well-settled that the party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *See, e.g., McCurry ex rel. Turner*, 298 F.3d at 592.  This court has combed through the plaintiff's voluminous filings and determines that the plaintiff does not offer any actual evidence to support his claim of fraud. *See generally* Pl.'s Mot.; Pl.'s Reply.  Rather, the plaintiff merely puts forward unsubstantiated, conclusory accusations that the defendants have lied throughout the various stages of this litigation. *See generally* Pl.'s Mot.  Accordingly, the plaintiff fails to satisfy his burden of demonstrating an entitlement to relief because he offers no proof for his assertions that the defendants "defraud[ed] the court" and engaged in "lying" and "fraudulent representation."

Furthermore, even in the remote possibility that the plaintiff were to establish that fraud or misrepresentation had occurred, the plaintiff does not indicate how such fraud would have prevented him from fully and fairly presenting his case before the court.  The court's previous order hinged on the fact that the plaintiff had signed a settlement agreement releasing the defendants of any liability associated with his termination.  Thus, the court concludes that in the absence of providing any evidence of fraud, misrepresentation or misconduct by the defendants, and by failing to show that such alleged fraud prevented the plaintiff from fully and fairly presenting his or her case, there is no basis under Rule 60(b)(3) to vacate the final judgment in this matter.  *See McRae v. District of Columbia*, 2007 WL 842963, at *2 (D.D.C. 2007) (denying a Rule 60(b)(3) motion for failure to provide evidence that fraud existed or that it prevented the movant from fully and fairly presenting his case); *Hemphill v. Kimberly-Clark Corp.*, 2008 WL 8281575, at *1 (D.D.C. 2008) (rejecting 60(b)(3) motion due to "baseless accusations" of fraud against defendants and because plaintiff had "ample opportunity . . . to present her case and [had] received a full and fair determination of her claims").

## IV.  CONCLUSION

For the reasons stated above, the court denies the plaintiff's motion for relief upon reconsideration.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of September, 2011.


RICARDO M. URBINA
United States District Judge


6