UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
**KELLY A. GREEN,**           )
                              )
            Plaintiff,        )
                              )
        v.                    )   Civil Action No. 06-366 (RWR)
                              )
**AMERICAN FEDERATION OF LABOR,** )
**AND CONGRESS OF INDUSTRIAL**    )
**ORGANIZATIONS, et al.,**        )
                              )
            Defendants.       )
_____)

                         **MEMORANDUM OPINION**

Pro se plaintiff Kelly Green sued the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and Mark Zobrisky, his supervisor at the AFL-CIO, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq., breach of Green's employment contract, negligent and intentional infliction of emotional distress, and wrongful termination. Judge Ricardo M. Urbina granted summary judgment to the defendants because the plaintiff's claims were foreclosed by a settlement agreement, and denied Green's motion under Federal Rule of Civil Procedure 60(b)(3) for relief from the judgment. Green now moves under Rule 60(b)(6) for relief from the judgment arguing that the defendants made false representations which

perpetrated a fraud on the court and challenging the validity of the settlement agreement.  Because the plaintiff has not shown that relief under Rule 60(b)(6) is warranted, the motion will be denied.

BACKGROUND

The background of this case is set forth fully in Green v. American Federation of Labor and Congress of Industrial Organizations, 811 F. Supp. 2d 250, 252-53 (D.D.C. 2011).  Briefly, the plaintiff filed against the defendants an administrative complaint and a grievance under his union's collective bargaining agreement.  The parties reached a settlement agreement releasing the defendants from "all claims of any nature . . . that relate to or arise out of [Green's] employment" and awarding Green a monetary settlement of $10,365.  Id. at 252.  Nevertheless, Green later filed a complaint in this court which was resolved by an order granting summary judgment to the defendants because the settlement agreement precluded the civil suit.  Id. at 253.  The D.C. Circuit affirmed the judgment because Green "entered into a binding settlement agreement" and he "failed to meet the burden of showing the invalidity of the agreement."  Green v. Am. Fed'n of Labor and Cong. of Indus. Orgs., No. 09-7130, 2010 WL 2160003, at *1 (D.C. Cir. May 10, 2010).

- 3 -

Green then moved under Rule 60(b)(3) for relief from the judgment arguing that "the defendants falsely represented to the court that the plaintiff was discharged for just cause" and alleging "fraudulent misrepresentation" by the defendant.  Green, 811 F. Supp. 2d at 254.  Judge Urbina denied the motion because Green did not offer sufficient proof to support the fraud allegations and failed to establish how the fraud "would have prevented him from fully and fairly presenting his case before the court."  Id. at 254-55.  Green now moves for relief from the judgment under Rule 60(b)(6) alleging that the defendants have caused a "fraud on the court" through "fraudulent misrepresentations[,]" and challenging the validity of the settlement agreement.

DISCUSSION

A court has discretion to grant relief from a final judgment for five enumerated reasons under Rule 60(b)(1)-(5), and for "any other reason that justifies relief" under Rule 60(b)(6).  Fed. R. Civ. P. 60(b).  "'[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" Kareem v. FDIC, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C. Cir. 1993)).  Relief under Rule 60(b)(6) "'should be only sparingly used'" and only in "'extraordinary circumstances.'"  Salazar ex rel. Salazar v. Dist. of Columbia,

633 F.3d 1110, 1119-20 (D.C. Cir. 2011) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950) and Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)). Examples of the limited circumstances where relief under Rule 60(b)(6) is appropriate include an adversary's failure to comply with a settlement agreement which was incorporated in a court's order, fraud by "the party's own counsel, by a codefendant, or by a third-party witness[,]" or "when the losing party fails to receive notice of the entry of judgment in time to file an appeal."  11 Charles Alan Wright et al., Federal Practice and Procedure § 2864 (2d ed. 1995).  Claims under Rule 60(b)(6) must not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988); see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Security, 811 F. Supp. 2d 216, 231 (D.D.C. 2011).  Rule 60(b)(6) does not provide an opportunity to relitigate a motion brought unsuccessfully under one of the other provisions of Rule 60(b).  See Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007).  The party seeking relief under Rule 60 bears the burden of showing that he is entitled to the relief.  U.S. v. 8 Gilcrease Lane, 668 F. Supp. 2d 128, 131 (D.D.C. 2009).  In addition, "'[o]ne who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity[.]'"  Gains v. Cont'l Mortg.

- 5 -

and Inv. Corp., 865 F.2d 375, 378 (D.C. Cir. 1989) (quoting Callen v. Pa. R.R. Co., 332 U.S. 625, 630 (1948)).  However, a party is precluded from attacking the validity of a settlement agreement where the party "has sought to keep the benefits of the [a]greement without also accepting its obligations."  Schmidt v. Shah, 696 F. Supp. 2d 44, 64 (D.D.C. 2010); see also Duma v. Unum Provident, 770 F. Supp. 2d 308, 314 (D.D.C. 2011).

    Green's current motion for relief from the judgment asserts three principal grounds for relief: 1) the defendants' false representations, Pl.'s Mem. in Supp. of Pl.'s Mot. for Relief ("Pl.'s Mem") at 69-83; 2) invalidity of the settlement agreement because Green did not knowingly and voluntarily sign it, id. at 84-101, 137-145; and 3) the alleged "fraud on the court" perpetrated by the defendants, id. at 122-136, 147-149.  Green's allegations of false representations and fraud were raised in his first motion for relief from the judgment under Rule 60(b)(3) covering all claims of fraud, misrepresentation and misconduct by opposing parties, and they were properly rejected.  Because the six enumerated grounds for relief under Rule 60(b) are mutually exclusive, Rule 60(b)(6) cannot now provide relief for Green's claims of fraud and misrepresentations by the defendants.  See Liljeberg, 486 U.S. at 863 & n.11.

    Green's remaining claim challenging the validity of the settlement agreement fails.  Green now argues that the agreement

- 6 -

is invalid because he reached no meeting of the minds with the defendants and did not indicate an intention to be bound.  Pl.'s Mem. at 96-101.  The settlement agreement suggests otherwise.  Green signed it, just below his acknowledgment that he "discussed this Settlement Agreement with the representative of his choice and that he is entering into it knowingly and voluntarily."  Defs.' Mot. for Summ. J., Ex. 5 at 3.  Judge Urbina found that undisputed, and noted early in the litigation that "[t]he plaintiff [made] no claim that he acquiesced to the terms of the Settlement Agreement based on fraudulent representations or under duress or that he did not knowingly and voluntarily sign the agreement."  Green v. Am. Fed'n of Labor and Cong. of Indus. Orgs., 657 F. Supp. 2d 161, 166 (D.D.C. 2009).  Green may not use Rule 60(b)(6) now as a second opportunity to re-argue his first unsuccessful Rule 60 motion.  See Kramer, 481 F.3d at 792.  Nor does Green's allegation that he did not have the opportunity to meet with the AFL-CIO about the agreement carry his burden under Rule 60(b)(6).  Green has not shown, for example, that the defendants violated the settlement agreement, that fraud was committed by any party (including the defendants), or that he was not informed of the court's judgment in time to appeal.  Where Green has accepted the monetary benefits of the agreement, he is not free to attack the agreement's validity and circumvent the bar on pursuing his claims here.  The plaintiff provides no

- 7 -

authority that his allegation supports a finding of "extraordinary circumstances" justifying relief under Rule 60(b)(6).

## CONCLUSION

Because Green has not shown that relief from the judgment under Rule 60(b)(6) is appropriate, his motion will be denied. An appropriate final Order accompanies this memorandum opinion.

SIGNED this 19th day of December, 2012.

```
                          _____/s/_____
                          RICHARD W. ROBERTS
                          United States District Judge
```